UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER MORROW,

                              Plaintiff,

              -against-

JOSH SATIN; VALERIE LEAK; KELLY
MCGUIRE,

                              Defendants.

25-CV-6723 (JPC)

ORDER OF SERVICE

JOHN P. CRONAN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that

Defendants violated his rights under the Fourteenth Amendment with respect to the education of

his minor child. By separate order dated August 26, 2025, the Hon. Laura Taylor Swain granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. On

January 2, 2026, Chief Judge Swain granted Plaintiff leave to file a second amended complaint to

assert a substantive due process claim under the Fourteenth Amendment.[1] (ECF 15.) Plaintiff

filed an amended pleading on January 20, 2026. (ECF 16.) On June 24, 2026, this matter was

reassigned to the undersigned's docket.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the

assistance of the court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717

---

[1] Plaintiff filed an amended complaint on October 15, 2025. (ECF 11.)

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within 90 days from the date a summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F.

F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Josh Satin, Valerie Leak, and Kelly McGuire through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The Clerk of Court is further instructed to issue summonses for Defendants and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is instructed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   June 25, 2026
         New York, New York

_____
JOHN P. CRONAN
United States District Judge

---

App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Principal Josh Satin
      Ella Baker School
      317 East 67th Street
      New York, NY 10065

2.    Assistant Principal Valerie Leaks
      Ella Baker School
      317 East 67th Street
      New York, NY 10065

3.    Superintendent Kelly McGuire
      333 7th Avenue, 7th Floor
      New York, NY 10001